**NOT FOR PUBLICATION**


UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WARREN PROSTROLLO, on behalf of himself and the statutory beneficiaries of Jason Prostrollo and as the personal representative of the Estate of Jason Prostrollo,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>CITY OF SCOTTSDALE, a municipality organized under the laws of the State of Arizona, and RONALD BAYNE, in his individual and official capacities as a Lieutenant with the City of Scottsdale Police Department,<br><br>    Defendants-Appellees. | No. 14-16921<br><br>D.C. No. 2:12-cv-01815-SMM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Stephen M. McNamee, District Judge, Presiding

Argued and Submitted November 15, 2016
San Francisco, California

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  MELLOY,[**] CLIFTON, and WATFORD, Circuit Judges.

The district court properly granted summary judgment in favor of defendants.  Viewing the facts in the light most favorable to plaintiff, no reasonable jury could conclude that Lt. Bayne's use of deadly force was objectively unreasonable.  It is undisputed that the decedent, Jason Prostrollo, had threatened two people with a knife earlier in the evening.  It is also undisputed that when Prostrollo emerged from the house, he was armed with a potentially deadly weapon (two halves of a pool cue), and that he disregarded officers' warnings to halt his advance.  Lt. Bayne did not know whether Prostrollo still had the knife on his person as he continued to advance.  Lt. Bayne fired only when Prostrollo had advanced within 21 feet of the other officers, the distance officers are taught can be closed by an attacker before an officer can react to protect himself.

The main disputed fact—where the police dog was when Lt. Bayne fired—does not preclude summary judgment.  Even if the dog had been released and was attempting to subdue Prostrollo at the time Lt. Bayne fired, that would not render his use of force unreasonable.  Officers do not need to avail themselves of the least intrusive means of responding to a threat; the Fourth Amendment requires

[**]    The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

only that their conduct be reasonable. *See Billington v. Smith*, 292 F.3d 1177, 1188–89 (9th Cir. 2002). Here, Prostrollo was armed with a potentially deadly weapon and had refused the officers' commands to halt his approach. Lt. Bayne was not required to wait until Prostrollo was within striking distance of the officers given the threat he posed at the time Lt. Bayne fired.

Because Lt. Bayne's use of force was objectively reasonable under the circumstances, plaintiff's claims under the Fourth and Fourteenth Amendments fail. *See Wilkinson v. Torres*, 610 F.3d 546, 553–54 (9th Cir. 2010). In the absence of a constitutional violation, plaintiff's claim under *Monell v. Department of Social Services of N.Y.*, 436 U.S. 658 (1978), was properly dismissed. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam). And plaintiff's state law claims were also properly dismissed because Arizona's justification statutes permit the use of deadly force when an officer reasonably believes the suspect is likely to endanger human life. *See* Ariz. Rev. Stat. §§ 13-410, 13-413; *Marquez v. City of Phoenix*, 693 F.3d 1167, 1176 (9th Cir. 2012).

**AFFIRMED**.

*Prostrollo v. City of Scottsdale*, No. 14-16921

WATFORD, Circuit Judge, dissenting:

In my view, this is not a case that can be resolved at the summary judgment stage. A reasonable jury could conclude that the events leading up to the fatal shooting of Jason Prostrollo unfolded as follows: Prostrollo had consumed a large amount of alcohol on the night in question and was staggering toward the officers in slow motion. The officers could see that he held only a short stick in each hand—what turned out to be the two halves of a pool cue. When he was still more than 20 feet from the officers—a distance at which the two sticks could not have posed a threat of any significance—one of the officers released the police dog to subdue Prostrollo. The dog had bitten Prostrollo in the chest area and was in the process of subduing him when Lt. Bayne fired two shots in rapid succession. The first shot struck the dog in the back of the neck; the second shot struck Prostrollo in the chest and killed him.

On these facts, a reasonable jury could conclude that Lt. Bayne's use of deadly force was unjustified. The jury could find that, at the time Lt. Bayne fired, the police dog had halted Prostrollo's advance and neutralized whatever potential threat he might have posed. Prostrollo was still 17 feet from the officers when he died, armed only with two halves of a pool cue. A jury could reasonably conclude that at that distance, with a trained police dog attacking him, Prostrollo did not

pose an immediate threat of death or serious physical injury to the officers or anyone else.  In the absence of such a threat, the Fourth Amendment prohibits the use of deadly force.  *See Tennessee v. Garner*, 471 U.S. 1, 3 (1985).

I would reverse and allow the jury to decide whether Prostrollo's father is entitled to prevail on the Fourth Amendment excessive force claim.